**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KAMAL ZEEB, | No. 19-60042 |
| Debtor, | BAP No. 19-1019 |
| ------------------------------ | |
| KAMAL ZEEB, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| SAMUEL FARAH, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Kurtz, and Taylor, Bankruptcy Judges, Presiding

Submitted June 1, 2020[**]
Pasadena, California

Before: FERNANDEZ and LEE, Circuit Judges, and ORRICK,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Kamal Zeeb appeals from the Bankruptcy Appellate Panel's decision to affirm the bankruptcy court's finding that his debt to Samuel Farah is nondischargeable under 11 U.S.C. § 523(a)(6). We have jurisdiction under 28 U.S.C. § 158. We review de novo the bankruptcy court's conclusions of law, and we review for clear error the bankruptcy court's findings of fact. *See In re Kadjevich*, 220 F.3d 1016, 1019 (9th Cir. 2000). We affirm.

Zeeb contends that the bankruptcy court was precluded from finding that the state court judgment entered in Farah's favor is nondischargeable under § 523(a)(6). Specifically, Zeeb argues that the jury's decision to award Farah zero damages for Farah's conversion claims means that the bankruptcy court could not find that Zeeb's breach of contract also involved tortious conduct, as required by § 523(a)(6). The BAP explained, however, that because the jury was instructed to not award duplicative damages, the jury likely did not award damages on the conversion claim in order to avoid duplicative damages with the breach of contract claim. This led the panel to conclude that Farah was not precluded from litigating his § 523(a)(6) claim based on conversion. In reaching this conclusion, the panel relied on *Coastal Indus. Partners, LLC v. Lawson (In re Lawson)*, BAP No. NC-14-1153-TaPaJu, 2015 WL 1291366 (B.A.P. 9th Cir. March 20, 2015).

We find the BAP opinion and *Lawson* persuasive. The jury instruction on duplicative damages suggests that the jury did not consider whether the breach of

contract damages could also have been awarded as conversion damages, especially in light of the fact that the jury specifically found that all of the elements for conversion were met. This left the bankruptcy court free to determine the extent to which the breach of contract damages could have also been awarded as conversion damages. Thus, the bankruptcy court was not precluded from finding that Zeeb's breach of contract also involved tortious conduct.

**AFFIRMED**.